UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNION BLOCK ASSOCIATES, LLC, and KENNETH G. HOWELL, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>TIM KEANE, an individual; CARL MADSEN, an individual, and the CITY OF BOISE, and DOES I though X,<br><br>      Defendants. | Case No. 1:24-cv-00038-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs Union Block Associates LLC and Kenneth G. Howell's (collectively "Plaintiffs") Emergency Motion for Protective Order. Dkt. 24. Defendants Tim Keane, Carl Madsen, and the City of Boise (collectively "the City") oppose the Motion but contest the issue is largely moot at this point. Dkt. 25. In response, Plaintiffs do not withdraw their prior motion but agree at least somewhat that the impetus for their filing has now passed. Dkt. 26. Nevertheless, Plaintiffs still believe relief is necessary and state their intent to file a motion for preliminary injunction shortly. *Id*. at 4.

Upon review and for the reasons set forth below, the Court DISMISSES Plaintiffs' Motion as MOOT.

## II. BACKGROUND

To put it simply, this is a case about a building. Plaintiffs own the Union Block Building ("the Building") in downtown Boise. Plaintiffs have been renovating the 122-year-old building for the past five years.

Last fall, the City of Boise declared the building "dangerous" and ordered it evacuated. As part of this process, the City outlined various projects Plaintiffs had to complete before the building could be deemed safe and reopen. Plaintiffs have apparently completed some of the work; other tasks remain outstanding.

On August 8, 2024, the City requested access to the Building to inspect the work that still needs to be done. Plaintiffs refused access on the grounds that entering the building would be akin to discovery and that Federal Rule of Civil Procedure 34 would apply. Defendants disagreed that this was "discovery" and proposed alternative dates for its inspection. A mutually-agreeable date was never chosen.

On August 21, 2024, Plaintiffs filed their Emergency Motion for Protective Order asking the Court to require the City to conduct any inspection of the Building within the confines of Rule 34. Notably, Plaintiff's Motion was not filed ex parte or with a request to expedite briefing. As a result, the Court's normal deadlines were set. *See* Dist. Idaho Loc. Civ. R. 7.1.

Two days later, on August 23, 2024, the City entered the Building and performed an inspection.

On September 11, 2024, the City filed its opposition to Plaintiffs' Emergency Motion. Dkt. 25. Noting the inspection had already occurred, the City avers the issue is

moot. It also contends this is not a discovery-related disagreement just because the Building it inspected is the subject of this lawsuit.

On September 25, 2024, Plaintiffs replied. Dkt. 26. Plaintiffs maintain their position that all site inspections should comply with Rule 34 but note there is not much to be done about the August inspection that already occurred. They also state a forthcoming motion for preliminary injunction (and/or other emergency injunctive relief) will flesh these issues out to a greater degree.

### III. DISCUSSION

The Court is hesitant to delve into this matter in any significant way as the *instant* disagreement has passed. Also, with additional briefing on the horizon, the Court does not want to opine too broadly on any particular subject until it has those briefs for review. That said, because the issue *could*[1] arise in the future, it will outline some thoughts.

First, the parties dispute whether this is a discovery issue to begin with. Plaintiffs assert that the City's inspection was essentially discovery, and the City will use whatever it gleaned from its inspection to bolster its defense in this case. If this is discovery, Plaintiffs contend the City should have to comply with Federal Rules of Civil Procedure 26 and 34 *and* the Court's informal discovery dispute resolution process. Furthermore, Plaintiffs claim that because they were not involved in the inspection, the City should not be able to use anything from the inspection as part of this lawsuit. For its part, the City asserts that this was not discovery in this lawsuit but rather part of its ongoing duty to inspect the

---

[1] As part of its original motion, Plaintiffs suggest the City may try to do this again in the future. Dkt. 24-1, at 6. The City, however, has stated it does not think future visits will be necessary. Dkt. 25, at 3, 7.

MEMORANDUM DECISION AND ORDER - 3

building and see how Plaintiffs' renovations were progressing. It claims since the filing of this lawsuit, it has been to the Building numerous times and Plaintiffs have not objected. The City explains just because the building is part of this lawsuit, it does not mean that anything that happens at the building is subject to the terms of the lawsuit.

The Court cannot say for sure whether this was "discovery" from a technical sense because it does not know what happened during the inspection. That said, it would be hard to see how an inspection of a building is *not* related to discovery in some way when that building is the subject of a lawsuit and the building's soundness is a key dispute. But regardless of whether this is discovery (or *related* to discovery), the Court notes neither party approached this correctly.

As the Court's website indicates, *before* a discovery motion may be filed, the parties must meet and confer and contact the Court's law clerk for an informal mediation. *See* https://id.uscourts.gov/district/judges/nye/Discovery_Disputes.cfm. Plaintiffs did not reach out to the Court's law clerk before filing this Motion. To be sure, the emergency nature of the motion may have overcome the Court's standard practice, but the Court had no option to even discuss this issue with counsel because it was not contacted until *after* the emergency motion had already been filed.

The City's actions fair no better. Despite knowing Plaintiffs had an issue with their planned inspection *and* that Plaintiffs had filed a motion and contacted the Court for guidance, their decision to proceed with the inspection *the next day* was somewhat brazen.

To be clear, the Court is not implying either party did anything wrong (e.g. sanctionable) at this point. It will not strike Plaintiffs' Motion for failure to engage in the

MEMORANDUM DECISION AND ORDER - 4

Court's informal discovery process. And it is not implying the City *must* get permission from Plaintiffs to enter the building or that Plaintiffs cannot continue to protest the City's inspections. Simply put, the Court is not addressing any of those substantive issues at this juncture.[2]

What the Court is saying, however, is that discovery issues must—absent extraordinary circumstances—be brought to the Court's attention *prior* to any motion practice. In addition, once an issue has been raised, the parties should—again, absent extraordinary circumstances—pause whatever is in dispute. Such a course of action rings in professionalism, equity, and fairness but also helps to avoid emergent briefing, overlapping decisions, sanctions, and the need to "undo" or "redo" discovery. It appears the parties met with *each other* prior to the inspection in an effort to resolve the dispute, but they failed to engage the Court. The Court should be involved in the future.

Second, even assuming this was discovery, the Court cannot rule as to admissibility as it does not know what was inspected, for what purpose, and whether that information will even be used in this litigation. The Court appreciates the City's explanation that inspections and permitting and work orders etc. must continue forward even while this litigation is ongoing. But as explained above, it is hard to imagine that this inspection was not connected to this lawsuit in some way. So, while the Court understands Plaintiffs' concern about admissibility, it cannot rule at this time. It would entertain a motion in the

---

[2] Presumably, the Court will do so as part of Plaintiffs' newly-filed (and upcoming) motions.

MEMORANDUM DECISION AND ORDER - 5

future should the need arise.³

Third and finally, Plaintiffs' request in this Motion was to stop or place certain parameters on the City's then-upcoming inspection. Insofar as that inspection has already occurred, this issue is MOOT.

With the Court's thoughts above as guidance for the parties moving forward, Plaintiff's Emergency Motion is DISMISSED as MOOT.

## IV. ORDER

1. Plaintiffs' Emergency Motion for Protective Order (Dkt. 24) is DISMISSED as MOOT.

DATED: October 25, 2024

David C. Nye
Chief U.S. District Court Judge

---

³ And to the extent the City desires to use anything it gleaned from the recent inspection in the current lawsuit, it should follow all applicable rules and relay that information to Plaintiffs as part of the normal course of discovery to afford Plaintiffs a fair opportunity to review the same.