UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNION BLOCK ASSOCIATES, LLC, and KENNETH G. HOWELL, an individual,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TIM KEANE, an individual; CARL MADSEN, an individual, and the CITY OF BOISE, and DOES I though X,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00038-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On October 24, 2024, Plaintiffs Union Block Associates LLC, and Kenneth G. Howell (collectively "Plaintiffs") filed an Expedited Motion for Temporary Restraining Order ("TRO"). Dkt. 29. In their Motion, Plaintiffs seek swift injunctive relief in the hopes that Defendants' actions can be halted during the pendency of this litigation. Plaintiffs have also filed a Motion for Summary Judgment (Dkt. 30) and a Motion for Preliminary Injunction (Dkt. 35). Again, their hope is that some type of Temporary Restraining Order can be put into place while these broader motions are briefed and decided.

This motion is titled—at least in part—as an "ex parte" motion. The documents, however, were not filed under seal or ex parte and Plaintiffs served the motion on Defendants. The Court's strong preference is to hear from both sides, if only briefly, on all disputed matters. To that end, the Court communicated informally with the parties about

this motion and the best way to proceed.

The most pressing matter is Plaintiffs' request that the Court halt a public hearing scheduled for tonight, October 29, 2024, where an estimate for repairs to the Building will be considered. Because of the time constraints, the Court asked Defendants to respond to Plaintiffs' Motion for TRO by October 28, 2024, but *only* as it relates to tonight's hearing. Dkt. 33. Defendants dutifully responded in objection to Plaintiff's request. Dkt. 34.

Upon review, and for the reasons set forth below, the Court DENIES the portion of Plaintiffs' Motion for TRO seeking to halt tonight's hearing. However, should the estimate be approved at tonight's hearing, the Court also orders that Defendants not engage in any formal construction or repairs on the Building until it has time to rule on the entire Motion for TRO and/or the Motion for Preliminary Injunction.

## II. BACKGROUND[1]

Plaintiffs purchased the Union Block Building ("the Building") in downtown Boise in 1996. Because of its historic nature—being 122 years old—Plaintiffs have been actively renovating the Building for the past five years.

On November 9, 2023, Defendants condemned the Building, declared it "dangerous," and evicted all tenants. As part of this process, the City outlined various projects Plaintiffs needed to complete before the Building could be deemed safe and reopened for public use. That process (of condemnation and eviction) is what forms—for the most part—Plaintiffs eleven causes of action in this case. *See* Dkt. 1, at 13–22. In sum,

---

[1] While there is a long factual and procedural history that leads to where this case is today, because of time constraints, the Court's recitation here is generic and brief.

Plaintiffs assert Defendants trampled over their due process rights throughout that process *and* have continued with this "outrageous conduct" until the present time. *See* Dkt. 29-1, at 2.

On August 8, 2024, the City requested access to the Building to inspect the work that still needs to be done. Plaintiffs refused. On August 21, 2024, Plaintiffs filed an Emergency Motion for Protective Order asking that the Court require the City to conduct any inspection of the Building within the confines of Rule 34. Two days later, on August 23, 2024, the City entered the Building and performed an inspection. On September 11, 2024, the City filed its opposition to Plaintiffs' Emergency Motion. Dkt. 25. Noting the inspection had already occurred, the City claimed the issue was moot. In a short decision, the Court agreed. Dkt. 31 (finding the issue moot but encouraging the parties to work together for any future inspections).

On October 17, 2024, the City of Boise notified Plaintiffs that it would be holding a public hearing on October 29, 2024, to "consider the report of the estimated costs necessary to stabilize the Union Block Building." Dkt. 29-3. While not precisely clear, the Court believes the inspection on August 23, 2024, forms the basis for the present estimate of work to be completed on the Building.

Simply put, Defendants believe Plaintiffs have failed to comply and remedy the safety issues present in the Building. As a result, they *may* "take over," make the necessary repairs, and bill Plaintiffs for the work. For their part, Plaintiffs maintain that all necessary repairs have been complete, and they have not received any notice of other "dangerous" violations that must be remedied.

MEMORANDUM DECISION AND ORDER - 3

### III. DISCUSSION

As explained, on October 24, 2024, Plaintiffs filed a Motion for TRO seeking—among other things—that the Court "prohibit the City from holding the public hearing on October 29, 2024 . . . ." Dkt. 29-1, at 15. They aver this hearing is a continuation of Defendants' practice of depriving them of their due process rights. They also claim they will suffer irreparable harm if the hearing is allowed to proceed.

In objection, Defendants explain that tonight's hearing is simply an opportunity for the City Counsel to "consider" whether it wants to undertake the expense of repairing the Building. It will not impose any costs on Plaintiffs tonight; it will not schedule any repair work tonight. This is simply a budget discussion. Dkt. 34, at 5. Defendants explain that two outcomes are possible. First, the City Council may not approve the cost estimate and then this issue is essentially moot. Second, the City Council may approve the cost estimate and they will begin preparing to implement that decision. Critically, however, Defendants explain there are still "a few months" before any actual work can begin because of "contracting, design, and permitting . . . ." *Id*.

The Court finds itself is a difficult position.

Both sides admit that the complex issues in this case will be more "fully developed" as part of the motions currently underway.[2] But something must still be done today—even if only preliminarily.

---

[2] As outlined, Plaintiffs have filed a Motion for Partial Summary Judgment (Dkt. 30) and a Motion for Preliminary Injunction (Dkt. 35). Defendants also assert they plan to shortly file a Motion for Summary Judgment. Dkt. 35, at 5.

Plaintiffs assert the Court should prohibit any hearing for 30-60 days while it takes up the larger motions that may ultimately negate any such hearing. Interestingly, however, Defendants assert that allowing the hearing to take place tonight does not fundamentally alter the timing of these motions because, as explained, it will take some time ("a few months") to get the work up and running—if it's even approved in the first instance.

At the outset, the Court is more persuaded by Defendants' position. It appears from the Court's *cursory review,* that Defendants have complied with the relevant Boise City Code provisions in preparation for the hearing tonight. What's more, even assuming the hearing results in an approval of the estimate, nothing happens right away. Said another way, there is not harm to Plaintiffs if a budget is approved that the Court cannot undo.

But this cuts the other way as well. It does not appear there is any harm in holding off on a hearing currently. At least Defendants have not expressed any concern with waiting until the other motions are briefed and decided.

The Court's primary concerns is timing. While it appreciates Plaintiffs' estimate that 30-60 days should give the Court enough time to rule on its Motion for Preliminary Injunction, the Court does not know if that is realistic. It has not decided yet whether it will hear that motion prior to the Motions for Summary judgment or alongside them. Even if it decides to hear the Motion for Preliminary Injunction before the Motions for Summary Judgment, the briefing on the Motion for Preliminary Injunction is currently set to conclude Thanksgiving Day (absent any extensions). The Court currently has 127 pending civil motions and 107 pending criminal motions. Even were it to prioritize this motion, considering the upcoming holidays and its current calendar, it does not know if it could

MEMORANDUM DECISION AND ORDER - 5

issue a decision within the next 30-60 days.

While the Court's timing concern favors Plaintiffs in this instance, it cuts the other way as well. If the Court allows the hearing to proceed, but cannot issue a decision for a few months, that could harm Plaintiffs. But, if the Court does not allow the hearing to proceed, and cannot issue a decision for a few months, that hampers Defendants efforts as well. And both of those outcomes are dependent on what happens at the hearing tonight and how the Court rules on Plaintiff's Motion for TRO and/or Motion for Preliminary Injunction.

Candidly, the Court feels it is important to know what the City Council decides. It does not mean to put the cart before the horse, but if the money is not in the budget and the estimate is not approved, Plaintiff's concern is abated, and this issue is largely moot. But if the hearing does not go forward, the question will be hanging over the parties' heads for some time and could complicate issues down the road as the Court tries to deal with the other motions. It is better to know now.

Thus, the Court will not enjoin the City of Boise from discussing the estimate at its meeting tonight. This *does not* mean, however, that—should the estimate be approved—Defendants can start *actual construction or repairs* while the Court considers Plaintiff's Motion for TRO and/or Motion for Preliminary Injunction.

## IV. ORDER

1. Plaintiffs' Motion for TRO (Dkt. 29) is DENIED as it relates to the City of Boise discussing the estimate at tonight's hearing. As noted, however, the City of Boise shall not begin any actual construction or repairs, or preparations for

construction or repairs, until a later time (if the estimate is approved).

DATED: October 29, 2024

_____
David C. Nye
Chief U.S. District Court Judge