Jon T. Simmons (ISB 5006)
Christine R. Arnold (ISB 10994)
Ashton G. Ruff (ISB 12220)
**KIRTON MCCONKIE**
1100 W. Idaho St., Ste. 930
Boise, ID 83702
Telephone:  (208) 370-3325
Facsimile:  (208) 370-3324
jsimmons@kmclaw.com
carnold@kmclaw.com
aruff@kmclaw.com

Thomas A. Banducci (ISB 2453)
**THOMAS A. BANDUCCI PC**
43081 Deerhorn Road
Springfield, OR 97478
Telephone:  (208) 284-9193
tom@tbanducci.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNION BLOCK ASSOCIATES LLC, and KENNETH G. HOWELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TIM KEANE, an individual, CARL MADSEN, an individual, and the CITY OF BOISE, and DOES I through X,<br><br>Defendants. | Case No. 1:24-cv-00038-DCN<br><br>**SECOND STIPULATION TO AMEND SCHEDULING ORDER** |

The parties, through their counsel, stipulate and move the Court to amend the scheduling order (Dkts. 11, 15) and the preliminary injunction / TRO order (Dkt. 55) under FRCP 1 and FRCP 16(b)(4), for good cause as shown below:

In April of 2025, the parties were prepared to engage in the inspection of the Union Block Building that was to take place pursuant to the Court's January 30, 2025 Order granting in part and denying in part

SECOND STIPULATION TO AMEND SCHEDULING ORDER - 1

Plaintiffs' motions for preliminary injunction and temporary restraining order. (Dkt. 55). With the unexpected death of Defendant Carl Madsen, the planned inspection date was, of necessity, moved to May 27, 2025, and deadlines for completion of fact discovery and disclosure of expert witnesses were likewise moved.  This was accomplished by the parties' Stipulation to Amend Scheduling Order (DKT. 59), filed April 25, 2025 (the "Initial Stipulation").

As noted by the parties in the Initial Stipulation, the moving of the inspection date, the death of Defendant Madsen and consequent need to reschedule the inspection all impacted the remaining discovery deadlines, and the parties agreed they would not be unfairly prejudiced by extending the case deadlines under those circumstances. The parties also included a stipulation that they would again meet and confer concerning case deadlines, in light of the unusual circumstances.

Following the extension of deadlines via the Initial Stipulation (DKT. 59), and pursuant to the Court's January 30, 2025, Order (Dkt. 55), the parties were also directed by the Court to meet and confer within 14 days of receipt of the report generated as a result of the inspection, and the City would then review any proposals Plaintiff had regarding the items identified in the report.  Following their receipt of the report dated June 3, 2025, Plaintiffs sent a written response on June 16. The City reviewed the proposals in the written response and Counsel then discussed permitting and next steps. The parties are currently working through the permitting process.

Finally, and more recently, the City responded to the Court's recent inquiry concerning whether or not it desired the Court to proceed with a ruling on its pending Motion for Summary Judgment (DKT. 53), The City responded to that inquiry in the affirmative, and asked the Court to proceed with ruling on its pending Motion for Summary Judgment (DKT. 53). The forthcoming ruling will very likely impact and potentially limit all parties' need for additional discovery.

The Parties counsel have discussed these issues and have agreed and stipulated that good cause would be served in this matter by an additional amendment to the Court's Scheduling Order to alter and temporarily suspend the existing deadlines for disclosure of expert witnesses and completion of discovery as follows:

SECOND STIPULATION TO AMEND SCHEDULING ORDER - 2

Accordingly, the parties stipulate to the following amended deadlines:

1. <u>Meet and Confer</u>

Within thirty (30) days following the entry of the Court's order on Defendants' Motion for Summary Judgment (DKT. 53), the parties shall meet and confer concerning the impact of that decision, if any, on the issues in the case, remaining discovery, and areas of agreement and remaining areas of disagreement over the issues concerning the Union Block Building following the City of Boise's inspection and publication of its report.

2. <u>Completion of Fact Discovery</u>

All fact discovery must be completed within 90 days following the entry of the Court's order on Defendants' Motion for Summary Judgment (DKT. 53).

3. <u>Disclosure of Experts</u>

**Defendants** must disclose the experts intended to be called at trial within thirty (30) days following the above-referenced meet-and-confer.

**Plaintiffs** must disclose the experts intended to be called at trial within thirty (30) days following Defendants' disclosure of expert witnesses.

**ALL** discovery relevant to experts must be completed by the discovery deadline.

DATED this 12th day of September, 2025.

| | |
|---|---|
| **KIRTON MCCONKIE** | **NELSON WILLIAMS** |
| /s/ Jon T. Simmons | /s/ Tyler D. Williams |
| Jon T. Simmons | Tyler D. Williams |
| Attorneys for Plaintiffs | Attorneys for Defendants |

**THOMAS A. BANDUCCI PC**

 /s/ Thomas A. Banducci
Thomas A. Banducci
Attorneys for Plaintiffs

SECOND STIPULATION TO AMEND SCHEDULING ORDER - 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 12th day of September, 2025, I electronically filed the foregoing document through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Reid Kermit Peterson**
  reid@nelsonwilliamslaw.com, trish@nelsonwilliamslaw.com, kim@nelsonwilliamslaw.com

- **Tyler D Williams**
  tyler@nelsonwilliamslaw.com, trish@nelsonwilliamslaw.com, kim@nelsonwilliamslaw.com

and any others as listed on the Court's ECF Notice.

*/s/ Jon T. Simmons*
Jon T. Simmons