Tyler D. Williams     [ISB No. 8512]
Reid K. Peterson     [ISB No. 10091]
NELSON | WILLIAMS
Attorneys at Law
999 W. Main Street, Suite 500
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tyler@nelsonwilliamslaw.com; reid@nelsonwilliamslaw.com;

Attorneys for Defendants Tim Keane, Carl Madsen, and City of Boise

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNION BLOCK ASSOCIATES, LLC, and KENNETH G. HOWELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TIM KEANE, an individual, CARL MADSEN, an individual, and the CITY OF BOISE, and DOES I through X,<br><br>Defendants. | Case No. 1:24-CV-00038-DCN<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE (DKT. 64)** |

Plaintiffs ask the Court to strike paragraphs 3-5 of one of Carl Madsen's declarations (Dkt. 53-3), arguing that it lacks sufficient foundation because Madsen was not an engineer, lacked authority to take certain action, and did not provide a copy of rough calculations performed prior to the Building's closure, none of which they contend can be remedied because of Madsen's passing. Their arguments are meritless and the motion to strike should be denied.

The motion to strike is significantly untimely. In summary judgment proceedings the non-moving party has 21 days to respond to a motion for summary judgment. Dist. Local Rul. Civ. 7(c). It is well established that a party who wants to challenge allegedly defective evidence

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE - 1.**

submitted at summary judgment must timely object to the evidence. *Allen v. Scribner*, 812 F.2d 426, 435 n. 18 (9th Cir. 1987). The failure to do so constitutes a waiver and the allegedly defective declaration may be considered by the Court. *Id.* In this case, Defendants filed their motion for summary judgment and supporting declaration of Madsen almost ten months ago, on January 7, 2025. Madsen passed away about seven months ago, on March 13, 2025. Plaintiffs and their counsel were notified of Madsen's passing the following morning. Even so, Plaintiffs sat on their hands for months before finally bringing the present motion. They have consequently waived their objections, and their motion should thus be denied on this basis alone.

Additionally, Plaintiffs' arguments simply retread old territory. They already took issue with the fact that Madsen is not an engineer (*see* Dkt. 54, pp. 5-6), but this does not matter because the law does not require him to be one. *See, e.g.,* 1997 Abatement of Dangerous Building Code § 202 ("All buildings or portions thereof which are determined after inspection by the building official to be dangers as defined in this code are hereby declared to be public nuisances and shall be abated by repair, rehabilitation, demolition or removal . . . .") (emphasis added). Plaintiffs have not cited to any authority that stands for the proposition that a building official must be an engineer, nor is there any such authority. Nor have Plaintiffs ever explained why basic math is the exclusive domain of engineers.

Likewise, Plaintiffs' contention that Madsen did not have certain authority has already been addressed. To reiterate:

> . . . When the Notice and Order was issued, Blais—the City's building official— was on medical leave. As a result, Madsen was designated as the acting building official and therefore had the authority to issue the Notice and Order. Upon Blais' return to work, he resumed his duties and authority as the City's building official. Thus, Carl Madsen had authority to issue the Notice and Order. His authority at the time Plaintiffs filed their motion for a preliminary injunction simply has no bearing on his authority at the time of the Building's closure.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE - 2.**

(Dkt. 57, p. 4 (internal citations omitted) (citing Decl. of Jason Blais, Dkt. 57-2).)

Plaintiffs' related contention that there is no foundation for Madsen's rough calculations has also been addressed already. (*See* Dkt. 57-1, ¶¶ 3-4) (discussing how calculation was made, that it is a routine part of the job, and that Madsen performed it in his head). The case law relied on by Plaintiffs regarding a party's failure to put a document into the record and then rely on it later thus has no bearing here since no such record was ever created.

Defendants recognize, of course, that Madsen cannot testify if this matter proceeds to trial. For purposes of summary judgment, however, the form of evidence is much less important than whether evidence would ultimately be admissible at trial. Indeed, facts are only objectionable at summary judgment if they are incapable of being presented in an admissible form. *Sandoval v. Cnty of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021).

Here, the essential information that led to the Building's closure can be testified to by others, including Tim Keane and Mike Jordan, who were both aware of what was going on with the Building and were with Madsen during the inspection. (*See, e.g.,* Dkt. 48-3 (Jordan declaration discussing personal knowledge of the Building); Dkt. 42-4 (Madsen declaration stating that the inspection occurred with Mike Jordan and Tim Keane and it was their group observations that lead to the closure).) There are also several other witness in this case who can testify about the shoring, including any person who looked at them and saw their obvious deficiencies (e.g., bending, lack of mooring) and the City's engineer who performed calculations shortly after the inspection and determined they were overloaded, thus corroborating Madsen's statements and his rough calculations. (*See* Dkt. 53-1, p. 10 n. 3 (citing to Leishman's report and deposition testimony regarding the overloaded shoring).)

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE - 3.**

In short, Plaintiff's arguments fail. Their motion is too late by several months, they simply retread old arguments, and they ignore alternative sources of the same information. Plaintiffs have wholly failed to argue that no other pathway to admission of the declarations may exist, thus waiving any such argument at this stage. The Court should deny their motion to strike and rule in due course on Defendants' motion for summary judgment.

DATED this 22nd day of October, 2025

NELSON | WILLIAMS

By */s/ Tyler D. Williams*
TYLER D. WILLIAMS, Of the Firm
Attorneys for Defendants Tim Keane, Carl Madsen, and City of Boise

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Thomas A. Banducci — tom@tbanducci.com
Jon T. Simmons — jsimmons@kmclaw.com
Christine R. Arnold — carnold@kmclaw.com
Ashton G. Ruff — aruff@kmclaw.com
*Attorneys for Plaintiffs*

*/s/ Tyler D. Williams*
TYLER D. WILLIAMS

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE - 4.**